### FIRE DEPARTMENT OF THE CITY OF NEW YORK *v.* BEAUDET.

*(Supreme Court, Special Term, New York County.    May, 1888.)*

MUNICIPAL CORPORATIONS—OBSTRUCTION OF STREETS—INJUNCTION.

An action was brought by the fire department of New York city to recover penalties for violating the fire and building laws, by constructing oriel or bay windows projecting into the street, and not shown on the plans and specifications approved by the department. Pending the action, plaintiff moved to enjoin all further work on the premises. Defendant, by affidavit, denied that the windows were obstructions. A temporary injunction was granted as moved for. *Held,* that, as an adequate remedy exists to compel the removal of the oriels if decided to be obstructions in the streets, the temporary injunction should be confined to restraining further work in completing the oriels, and not to restrain work which is not shown to be a violation of the plans and specifications.

At chambers. On motion for an injunction. The fire department of New York city brought an action against defendant to recover penalties for the violation of the fire and building laws. Pending this action, plaintiff applied for an injunction to restrain the defendant from continuing work on premises which plaintiff alleged were being erected in violation of the plans and specifications submitted to and approved by the fire department. It was alleged by plaintiff that portions of the front of said premises, consisting of oriel or bay windows, were being built to project into the street about two feet, in violation of law. The temporary injunction granted, pending the motion, was as follows: "And until after the argument and decision upon this order to show cause, and until the further order of this court, you, your agents, servants, workmen and employes, and the agents, servants, workmen, and employes of each and every one of you, are hereby commanded to refrain from doing any further work, or causing any further work to be done in, upon, or about the building and premises above described; and in case of your disobedience of this order, you will be liable to the punishment therefor prescribed by law. Service of a copy of this order on or before the ———— day of ————, 188—, shall be sufficient." It was denied by the defendant's affidavit that the construction of the oriels was a departure from the specifications. He contended that even if the oriels were not in the specifications, it was not necessary to show them on the plans, and that all that was necessary to be shown was the arrangement of the floors and apartments and general structure, and not the architecture, of the exterior. Defendant alleged further in his affidavit that the buildings were regularly inspected during erection by plaintiff's officers, without objection, until the completion of the oriels; that they project only 14½ inches, and are merely ornamental parts of the building, and do not form an encroachment on a public street, although they project a little distance beyond the line of the buildings.

*William L. Findlay,* for plaintiff.    *John H. V. Arnald,* for defendant.

O'BRIEN, J. The case of *Fire Department* v. *Steam-Ship Co.*, 106 N. Y. 566, 13 N. E. Rep. 329, is authority for the maintenance of this action.

The phraseology of the injunction is copied from section 506 of the consolidated act, (Laws 1882.) This section was amended in 1887, (section 31, c. 566, Laws 1887,) by omitting the words "or of any work upon or about the building or premises upon which the said violation exists," thus seemingly confining the injunction order to restrain the progress of any violation named in the title. This amendment became a law subsequent to the argument of the case of *Fire Department* v. *Steam-Ship Co.*, above referred to. Whatever effect this amendment may have in limiting the scope of an injunction in this class of cases, I think, in the present instance, upon the facts, and upon the grounds that an adequate remedy exists to compel the removal of the oriels complained of, at any time, if decided to be obstructions on the street, that the order should be confined to restraining the further progress of the work of completing the oriels, and not restrain the doing and completion of work which is not shown or claimed to be a violation of the plans and specifications, nor in any manner connected with, related to, or dependent upon, the existence or continuance of the alleged violations. Ordered accordingly.